**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHAEL AHMED**                                                                            **PETITIONER**

**v.**                                                        **CIVIL ACTION NO.: 3:22-cv-288-KHJ-MTP**

**WARDEN FCC YAZOO CITY**                                                        **RESPONDENT**

<u>**REPORT AND RECOMMENDATION**</u>

THIS MATTER is before the Court on the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition be dismissed without prejudice for failure to exhaust administrative remedies.

**BACKGROUND**

In August of 2019, Petitioner pled guilty to receipt of child pornography under 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(b)(1). *See* [18-1] at 1; [9] at 3. On May 31, 2022, Petitioner filed the instant Petition, arguing that he is wrongfully being denied "earned time credits" under the First Step Act. *See* [1] at 2; [9] at 3. Respondent filed a Response [18] arguing that the Petition should be dismissed as Petitioner failed to exhaust his administrative remedies. Alternatively, Respondent argues that the Petition should be dismissed on its merits as Petitioner's conviction makes him ineligible for credits under the First Step Act. This matter is now ripe for review.

**ANALYSIS**

Prior to seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the Federal Bureau of Prisons ("BOP"). *See Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

"[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008). There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Respondent submitted a declaration from Tracey Walker Deputy, a Case Management Coordinator with the BOP. *See* [18-2]. According to Walker, Petitioner has "never filed a remedy request with the Federal Bureau of Prisons." *Id*. at 3. Petitioner admits that he has not filed any grievance or sought administrative remedies based on his claim. *See* [9] at 3. Petitioner did not comply with the BOP's administrative procedural rules and instead attempted to forgo the administrative process by filing his claim directly in this court. *Id.*

Additionally, Petitioner failed to demonstrate that extraordinary circumstances excuse his failure to exhaust administrative remedies. *See Fuller*, 11 F.3d at 62. The BOP should have an opportunity to consider Petitioner's claim, and consider possible relief, prior to Petitioner's pursuit of his claim in this Court. *See Qattoum v. Gillis*, No. 5:18-CV-137-DCB-MTP, 2020 WL 2841784, at *3 (S.D. Miss. June 1, 2020) (dismissing petition based on First Step Act credit for failing to exhaust claim with the BOP prior to filing federal habeas petition); *Ashton v. Nash*, No.

2

3:19-CV-170-HTW-LGI, 2022 WL 392453, at *3 (S.D. Miss. Jan. 20, 2022), *report and recommendation adopted*, No. 3:19-CV-170-HTW-LGI, 2022 WL 393675 (S.D. Miss. Feb. 8, 2022) (dismissing petitioner's First Step Act claim for failing to exhaust administrative remedies). As Petitioner has failed to properly exhaust his administrative remedies, his Petition should be dismissed without prejudice. [1]

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Petition for Writ of Habeas Corpus be DISMISSED without prejudice for Petitioner's failure to exhaust administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed

---

[1] Alternatively, the government maintains that Petitioner's claim should be denied on its merits as Petitioner does not appear to be eligible for additional time credits under the First Step Act. *See* 18 U.S.C. § 3632(d)(4)(A) (excluding prisoners for First Step Act credits "serving a sentence for a conviction under Section 2252, relating to certain activities relating to material involving the sexual exploitation of minors."); *see also Manley v. Hendrix*, No. 220-CV-00119-BSM-JTR, 2020 WL 7122420, at *5 (E.D. Ark. Nov. 12, 2020), *report and recommendation adopted*, No. 2:20-CV-00119-BSM, 2020 WL 7081690 (E.D. Ark. Dec. 3, 2020) (holding prisoner "ineligible to earn § 3632 time credits based on his convictions for sexual exploitation of a minor and distributing child pornography."). Petitioner maintains that the specific crime for which he was convicted is not one specifically excluded under the First Step Act and, therefore, he is entitled to the credits. As Petitioner has not exhausted his administrative remedies, the Court need not address this issue.

3

findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

      This the 23rd day of June, 2023.

                                          s/Michael T. Parker
                                          UNITED STATES MAGISTRATE JUDGE